DURANT MILLING CO. and Houston General Insurance Co., Petitioners,

v.

Billy Ed MANNERS and Workers' Compensation Court, Respondents.

No. 58115.

Court of Appeals of Oklahoma, Division No. 4.

Feb. 22, 1983.

Rehearing Denied April 20, 1983.

Certiorari Denied June 1, 1983.

Released for Publication by Order of the Court of Appeals June 3, 1983.

Yvonne Sparger Nichols, Looney, Nichols, Johnson & Hayes, Oklahoma City, for petitioners.

J. Mike Lawter, Manners, Cathcart, Lawter, Abney, Pitts & Burke, Oklahoma City, for respondents.

BRIGHTMIRE, Presiding Judge.

The principal issue presented here is whether the factual stipulations of the parties and the trial court's 1979 award for serious burn injuries based on them were such as to preclude reopening for deteriorating eye sight. We hold they were not and sustain the award.

I

Worker received extensive job related burn injuries to his face, back, neck, legs and hands in 1977. The parties agreed upon an order and the court, upon finding it to be fair, entered it in 1979. The award was for 40 percent permanent partial disability to the body and $10,000 for disfigurement to the employee's face, head, body and limbs.

In February 1981 claimant moved the court to reopen the claim alleging his condition had changed for the worse in that he had developed a hernia and a deterioration of vision in his right eye.

The employer resisted the motion on the ground that neither the hernia nor eye injury had been alleged in the worker's form 3, neither injury was the subject of the 1979 stipulation or award, and therefore both claims were barred by the statute of limitations.

The motion was heard and in October 1981 the trial judge found the statute of

limitations had run against the hernia claim, but not against the eye injury. He granted the worker's motion, found that claimant had sustained an eye injury as a result of the severe facial burns in 1977, which was an included injury in the 1979 award, and that the right eye had grown worse since then to the extent of a permanent 25 percent loss of vision. Additional compensation was awarded accordingly.

Both parties appealed to the court en banc. It altered the language of the order but essentially affirmed the award. The employer appeals insisting that it was impermissible for the trial court to make a change of condition award for claimant's right eye because that member never became the subject of a claim and any injury it may have sustained has long since been barred by the statute of limitations.

## II

We agree with the trial court that the employer's construction of the 1979 court order is entirely too strict, narrow and out of touch with the admitted facts. Claimant's form 3 clearly alleges explosion burns to his face, hands, neck, arms and legs. The evidence disclosed they were severe. A person's face consists of eyes, nose, mouth, cheeks, chin, nerves, skin, eyebrows and eyelids, to name a few. The employee does not have to set out all these component parts of the face in a form 3 unless one is especially impaired at the outset. And, if at the initial hearing the court finds claimant has sustained severe facial injuries of a general nature, he is not precluded from later reopening the claim if he finds some part of the face has grown worse.

## III

We hold that the evidence adduced in the first hearing justified the trial court's later finding that injury to the worker's eye was properly pleaded and proved. The conclusion did not result from "bizarre judicial procedure" as the employer suggests.

Award sustained.

DeMIER and STUBBLEFIELD, JJ., concur.